## SUPREME COURT.

The Mariposa Company agt. Cornelius K. Garrison.

An *injunction* from this court will not be granted to restrain an action pending in the United States court.

And *injunction* will not ordinarily be granted to prevent acts, the commission of which is *not alleged to be apprehended*.

An *injunction* is not necessary to prevent property being conveyed by the defendant to a *bona fide* purchaser, where all the rights of the plaintiff must be determined by the construction to be given to written instruments *which are recorded ;* as any purchaser would take with notice of them and be bound by them the same as the defendant is.

Although this court by having jurisdiction over the person of the defendant, may compel specific performance of a contract in relation to lands situated in another state, still the granting of a preliminary injunction is matter of *discretion.* And where the plaintiff has adequate remedies for the preservation and enforcement of all his rights in the courts of another state, involving rights to land in that state, or in the United States courts; it is not sound discretion to aid by injunction in drawing within the jurisdiction of this court, the decision of those questions which can more appropriately be investigated and determined elsewhere.

*New York Special Term, February,* 1864.

This action was brought in November, 1863, by the plaintiffs, a mining company of the city of New York, operating in California, and owning the celebrated tract there known as *" Las Mariposas,"* to clear up certain clouds on the title to said tract arising from an agreement made between Mark Brumagim, Trenor W. Park and John C. Fremont, in February, 1860, for the purpose of saving to the then owner of the tract, John C. Fremont, the privilege of redeeming the same from a sheriff's sale thereof, made in 1858, on a judgment obtained against him for $7,846.97.

An injunction was obtained by the plaintiff, and afterwards, on affidavits of the defendant, Justice Barnard granted an order to show cause why the same should not be dissolved. .

The matter came before the court on argument of this motion.

—— —— *for plaintiff.*
—— —— *for defendant.*

Mariposa Company agt. Garrison.

BARNARD, J.   An injunction will not be granted to restrain an action pending in the United States court.   So far as the injunction seeks to restrain other acts of the defendant, whereby he may endeavor to get possession of the land, the complaint does not allege that defendant is about or threatens to do any other acts further than the action already commenced in the United States court.

An injunction will not ordinarily be granted to prevent acts, the commission of which is not alleged to be apprehended.

As to restraining the conveyance of the property by defendant, it is clear to me that all the rights of the plaintiff must be determined by the construction to be given to the instruments, upon the language contained in them. Those instruments are recorded, and any purchaser would take with notice of them and be bound by them the same as the present defendant is.   An injunction, therefore, is not necessary to prevent the property being conveyed to a *bona fide* purchaser.

It would appear from the case that where a plaintiff comes into court, and alleges that he has a good defence to negotiable instruments while they are in the hands of the original party, which defence will be lost to him if the securities are transferred to a *bona fide* purchaser without notice, the court will consider the obvious advantage to be obtained by the original holder by so transferring sufficient to justify a well-grounded apprehension that such transfer will be made unless prevented by injunction.

That, however, is not the case here.

The complaint does not allege that defendant is about to or threatens to dispose of the property, and there is nothing in the case to warrant a presumption that he intends so doing, the above principle, which obtains in case of negotiable instruments, not applying to this case.

But, again, although this court having obtained jurisdiction over the person of the defendant has jurisdiction to

compel specific performance of a contract in relation to lands situate in another state, still the granting of a preliminary injunction is matter of discretion. In this case, as in my view, the plaintiff has adequate remedies for the preservation and enforcement of all its rights in the courts of the state of California or in the United States court for that·district (in which state and district the land lies), and as to the courts of that state and district, the decisions of the questions raised in this case, involving as they do rights to land there situate, more appropriately belong, I think it is not sound discretion to aid by injunction in drawing within the jurisdiction of this court the decision of those questions which can more appropriately be investigated and determined elsewhere. I have not thoroughly examined the effect of the transfer to Garrison, but am satisfied, upon an inspection of his paper title, that the ownership of the Mariposa estate is by no means free from doubt.